# HELEN JACKSON ALFORD

## V.

# MARVIN M. ALFORD, ET AL.

Record No. 850919

September 23, 1988

Present: All the Justices

*Trenton G. Crewe, Jr. (Stuart B. Campbell, Jr.; Campbell, Young & Crewe*, on brief), for appellant.
No brief or argument for appellees.

THOMAS, J., delivered the opinion of the Court.

On May 9, 1983, Helen Jackson Alford sued Marvin M. Alford and Kent K. Alford pursuant to Code § 8.01-179 to determine the boundary between property which Helen and her late husband had previously conveyed to Marvin and Kent and property which had been retained by the grantors. Initially, Marvin and Kent joined in Helen's prayer to establish the boundary line. Later, they sought and were granted permission to amend their responsive pleadings to allege that they had acquired the property in dispute by adverse possession. In a jury trial, Marvin and Kent prevailed. On appeal, Helen argues that there was insufficient evidence of adverse possession to permit the jury to consider the issue.

On May 3, 1967, Helen and Robert W. Alford, conveyed to Marvin and Kent a portion of a larger tract of land then owned jointly by Helen and Robert. Marvin and Kent built a store on the property, then realized that they did not have enough room on the land conveyed to them for cars to enter and exit the parking lot for their store.

On November 18, 1968, Helen and Robert filed a deed of correction concerning the May 3, 1967 conveyance. In the November 1968 deed, they corrected an error in the original description of the western boundary of the property. In that same instrument, they gave Marvin and Kent permission to use a twenty-foot lane to the north of the land which had been conveyed in May 1967:

> Permission is hereby given to Grantees to use a lane of 20 feet adjacent and contiguous to the north property line of the

premises hereby conveyed, this 20 feet fronting on U. S. Highway 52 and extending westwardly 160 feet to the remaining lands of Grantors. However, this permission is not to be construed as any type of easement, it will not be an appurtenance to the land hereby conveyed and it may be terminated at any time by the Grantors or their successors in interest.

The reason for allowing Marvin and Kent use of the twenty-foot lane was to alleviate the ingress and egress problem they had experienced after they built their store.

From the time permission was granted until 1977, the twenty-foot lane was used for ingress and egress. In 1977, however, Marvin and Kent leased the property to Garnett Burris and Jerry Frazier. Burris and Frazier testified that Robert Alford pointed out the boundaries of the store property and that red posts were installed to mark these boundaries. Thereafter, Burris and Frazier constructed gasoline pumps and an oil company installed underground gasoline storage tanks. Part of the gasoline equipment was located in the twenty-foot lane referred to in the November 1968 deed. If the boundary is as Helen contends, then the storage tanks are on her land.

After suit was filed, Marvin and Kent requested that a survey be made. The trial court granted the request, appointing Homer D. Winter, Jr., a certified land surveyor, to make the survey and report his results to the court. Winter reported that the boundary was substantially as claimed by Helen. His survey was admitted into evidence.

Marvin and Kent countered with, not a survey but, a plat drawn at their direction. The plat was prepared by Harold L. Louthen, a certified land surveyor, who testified "that he did not make a survey of the property but merely ran lines from the corners pointed out to him by the Defendants as being the boundary lines of their land."

Over Helen's objections, the trial court granted two jury instructions concerning adverse possession. The jury was essentially permitted to choose between the Winter survey and the Louthen plat. The jury chose the Louthen plat. Helen moved the trial court to set the verdict aside. The trial court confirmed that verdict but wrote in a letter opinion as follows:

I do express reservations about the issue of adverse possession, but feel that any error in this respect was cured by the two possible verdict forms submitted to the jury that required the jury to adopt either the "Winter Plat" or the "Louthen Plat."

We disagree.

■ Marvin and Kent's use of the twenty-foot lane here in dispute began in 1968 by permission. A similar situation existed in *Matthews* v. *W. T. Freeman Co.*, 191 Va. 385, 60 S.E.2d 909 (1950), where a party who had been put in possession of property by permission claimed title to that property based on adverse possession. In *Matthews*, we stated the following rule:

The burden of proving all of the elements of adverse possession is on the party asserting title thereby. The evidence must be clear and satisfactory in order for him to prevail. All presumptions favor the holder of the legal title. *Where the original entry on another's land was by agreement or permission, possession regardless of its duration presumptively continues as it began, in the absence of an explicit disclaimer.* This presumption may, however, be overcome by evidence of adverse holding with notice to the true owner.

*Id.* at 395, 60 S.E.2d at 914 (emphasis added); *cf. Martin* v. *Proctor*, 227 Va. 61, 313 S.E.2d 659 (1984) (easement begun by permission continues to be regarded as permissive until decisive act indicating adverse and hostile claim).

■ There is not a scintilla of evidence in this case that Marvin or Kent ever disclaimed permissive use of the twenty-foot lane or that either of them put Helen and Robert on notice that they were claiming ownership of the twenty-foot lane based on adverse possession. The twenty-foot lane was used in accord with Helen and Robert's permission until 1977, when the gasoline tanks were installed. Helen's suit was filed within six years of the installation of those tanks, so the installation of the tanks can be of no avail in proving adverse possession.

■ Moreover, the agreed statement of facts does not contain any evidence that Marvin and Kent used the property prior to November 18, 1968. Helen filed suit on May 9, 1983, less than fifteen years from Marvin and Kent's first use of the property in dispute. Thus, the very timing of the suit establishes beyond doubt

that any claim to the property by Marvin and Kent could not have been successfully based on adverse possession because fifteen years had not elapsed. *See* Code § 8.01-236.

For all the foregoing reasons, the judgment of the trial court will be reversed and the case remanded so that the boundary in dispute can be established in Helen's favor according to the survey prepared by Homer D. Winter, Jr.

*Reversed and remanded.*